Joshua B. Swigart (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde (SBN: 227183)
bob@westcoastlitigation.com
**HYDE & SWIGART**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Douglas J. Campion, Esq. (SBN: 75381)
**Law Offices Of Douglas J. Campion**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

**Attorneys for Plaintiff**
Kevin Lemieux

FILED
07 AUG -9 PM 2:52
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: U                    DEPUTY

# United States District Court
# Southern District Of California

| | |
|---|---|
| KEVIN LEMIEUX, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HSBC CARD SERVICES, INC., a California corporation,<br><br>Defendant. | CASE NO.: 07 CV 1581 H (BLM)<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. NEGLIGENT VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.;<br><br>2. WILLFUL AND/OR KNOWING VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.;<br><br>[Jury Trial Demanded] |

ORIGINAL

## INTRODUCTION

1. KEVIN LEMIEUX ("Plaintiff") brings this action for damages and any other available legal or equitable remedies resulting from the actions of HSBC CARD SERVICES, INC. ("Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff and the Class members on his/their cellular telephone(s), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (TCPA).

2. For the purposes of this Complaint for Damages, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the defendant named in this caption.

## JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.

4. This action arises out of Defendant's violations of the TCPA.

5. Because Defendant does business within the State of California, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

7. Plaintiff is, and at all times mentioned herein was, an individual, a citizen of the State of California, and a resident of the County of San Diego when the events giving rise to Plaintiff's causes of action occurred. Plaintiff is a "person" as defined by 47 U.S.C. § 153(10).

8. Defendant is a California corporation and "person" as defined by 47 U.S.C. § 153 (10).

## FACTUAL ALLEGATIONS

9. At all times relevant, Plaintiff was an individual residing within the State of California.

10. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of California.

11. On or about August 10, 2006, at approximately 1:14 P.M., Defendant willfully contacted Plaintiff on his cellular telephone, via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1).

12. Plaintiff is informed and believes, and thereon alleges, that the telephone number Defendant called was assigned to a cellular telephone service pursuant to 47 U.S.C. § 227 (b)(1)(A)(iii).

13. Plaintiff is informed and believes, and thereon alleges, that this constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A).

14. Plaintiff is informed, believes, and thereupon alleges that Plaintiff did not provide express consent to receive calls on his cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

15. This June 7, 2006 telephone call by Defendant was in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

16. Plaintiff is on the "National Do Not Call Registry," as established by the Federal Trade Commission, and should not have been contacted.

17. Plaintiff is informed, believes, and thereupon alleges that the call by Defendant failed to release Plaintiff's telephone line within five seconds after Plaintiff terminated the call, in violation of 47 U.S.C. § 227 (d)(3)(B).

## SUBSEQUENT CALLS

18. Subsequently, on multiple occasions after August 10, 2006, Defendant willfully contacted Plaintiff on his cellular telephone, via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1).

19. Plaintiff is informed and believes, and thereon alleges, that the telephone number Defendant called was assigned to a cellular telephone pursuant to 47 U.S.C. § 227 (b)(1)(A)(iii).

20. Plaintiff is informed and believes, and thereon alleges, that this constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A).

21. Plaintiff is informed, believes, and thereupon alleges that Plaintiff did not provide express consent to receive calls on his cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

22. These telephone calls by Defendant were in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

23. Plaintiff is on the "National Do Not Call Registry," as established by the Federal Trade Commission, and should not have been contacted.

24. Plaintiff is informed, believes, and thereupon alleges that the calls by Defendant failed to release Plaintiff's telephone line within five seconds after Plaintiff terminated the calls in violation of 47 U.S.C. § 227 (d)(3)(B).

## *CLASS ACTION ALLEGATIONS*

25. Plaintiff brings this action on behalf of the class on behalf of himself and all others similarly situated ("The Class").

26. The representative Plaintiff represents, and is a member of, The Class consisting of:

   a. All persons, who received calls to their cellular telephones, via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1), whose cellular telephone was assigned to a cellular telephone service pursuant to 47 U.S.C. § 227 (b)(1)(A)(iii), and who did not provide express consent to receive calls on his cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

//

    b. All Defendant, their employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes The Class Members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

27. Plaintiff and members of The Class were harmed by the acts of Defendant including, but not limited to, the following:

    a. Defendant made calls to the cellular telephones of Plaintiff and members of The Class, via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1), whose cellular telephone was assigned to a cellular telephone service pursuant to 47 U.S.C. § 227 (b)(1)(A)(iii), and who did not provide express consent to receive calls on his cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A) all in violation of 47 U.S.C. § 227 *et. seq.* Plaintiff and The Class were damaged thereby.

28. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class's definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

29. The joinder of The Class members is impractical and the disposition of their claims in The Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant' records.

//
//
//

30. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual class members, including the following:

   a. Whether Defendant made calls to the cellular telephones of Plaintiff and members of The Class, via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1), whose cellular telephone was assigned to a cellular telephone service for which Plaintiff incurs a charge for all incoming calls pursuant to 47 U.S.C. § 227 (b)(1)(A)(iii), and who did not provide express consent to receive calls on his cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A) all in violation of 47 U.S.C. § 227 *et. seq.*;

   b. Whether Plaintiff and The Class were damaged thereby, and the extent of damages for such violation; and

   c. Whether Defendant should be enjoined from engaging in such conduct in the future.

31. As a person that received calls on his cellular telephone from Defendant without his consent and, whose cellular telephone was assigned to a cellular telephone service, Plaintiff is asserting claims that are typical of The Class. Plaintiff will fairly and adequately represent and protect the interests of The Class in that he has no interests antagonistic to any member of The Class.

//
//
//
//
//
//
//

32. Plaintiff and the members of The Class have all suffered irreparable harm as a result of the Defendant' unlawful and wrongful conduct. Absent a class action, The Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and the Defendant will likely continue such illegal conduct. Because of the size of the individual class member's claims, few, if any, class members could afford to seek legal redress for the wrongs complained of herein

33. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

34. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

35. Defendant has acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Classes as a whole.

### CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 ET SEQ

*By Plaintiff Against Defendant HSBC Card Services, Inc.*

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of Defendant HSBC Card Services, Inc. constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

38. As a result of Defendant' negligent violations of 47 U.S.C. § 227 et seq, Plaintiff and each of The Class Members are entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. § 227 ET SEQ

*By Plaintiff Against Defendant HSBC Card Services, Inc.*

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The foregoing acts and omissions of Defendant HSBC Card Services, Inc. constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

41. As a result of Defendant' knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff and each of The Class Members are entitled to treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### PRAYER FOR RELIEF

**Wherefore**, Plaintiff respectfully requests the Court grant Plaintiff, against all Defendant, the following relief:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

1     • As a result of Defendant's negligent violations of 47 U.S.C. §
2          227(b)(1)(B), Plaintiff and each of The Class Members are entitled to
3          $500 in statutory damages, for each and every violation, pursuant to 47
4          U.S.C. § 227(b)(3)(B).

5     • As a result of Defendant's negligent violations of 47 U.S.C. §
6          227(d)(3)(A), Plaintiff and each of The Class Members are entitled to
7          $500 in statutory damages, for each and every violation, pursuant to 47
8          U.S.C. § 227(b)(3)(B).

9     • As a result of Defendant's negligent violations of 47 U.S.C. §
10         227(d)(3)(B), Plaintiff and each of The Class Members are entitled to
11         $500 in statutory damages, for each and every violation, pursuant to 47
12         U.S.C. § 227(b)(3)(B).

13    • Any and all other relief that the Court deems just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

16    • As a result of Defendant's willful and/or knowing violations of 47
17         U.S.C. § 227(b)(1)(B), Plaintiff and each of The Class Members are
18         entitled to treble damages, as provided by statute, up to $1,500, for each
19         and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C.
20         § 227(b)(3)(C).

21    • As a result of Defendant's willful and/or knowing violations of 47
22         U.S.C. § 227(d)(3)(A), Plaintiff and each of The Class Members are
23         entitled to treble damages, as provided by statute, up to $1,500, for each
24         and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C.
25         § 227(b)(3)(C).

26 //
27 //
28 //

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(d)(3)(B), Plaintiff and each of The Class Members are entitled to treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Any and all other relief that the Court deems just and proper.

Dated: 8/03/07

Respectfully submitted by,
**Hyde & Swigart**

By: _____
Joshua B. Swigart, Esq.
**Attorneys for Plaintiff,
Kevin Lemieux**

## *Trial By Jury*

42. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: 8/03/07

Respectfully submitted by,
**Hyde & Swigart**

By: _____
Joshua B. Swigart, Esq.
**Attorneys for Plaintiff,
Kevin Lemieux**

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

FILED
07 AUG -9 PM 2:52
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
Kevin Lemieux, on behalf of himself and all others similarly situated,

**DEFENDANTS**
HSBC Card Services, Inc., a California corporation

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**: San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
John B. Swigart
411 Camino Del Rio South, Suite 301
Sa Diego, CA 92108
619.233.7770

**ATTORNEYS (IF KNOWN)**
Unknown

'07 CV 1581 H (BLM)

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Telephone Consumer Protection Act, 47 U.S.C. §227 et seq.

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | | | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Eiectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of States |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)
☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  ☒ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $ 75000   Check YES only if demanded in complaint: JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE _____   Docket Number _____

DATE 6/8/07   SIGNATURE OF ATTORNEY OF RECORD _____

#141 328 #350. 8/9/07

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

ORIGINAL

```
       UNITED STATES
       DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
          SAN DIEGO DIVISION

    #  141328      —  SR
    *  * C O P Y * *
    August 09, 2007
         16:11:07

      Civ Fil Non-Pris
 USAO #.: 07CV1581 CIV. FIL
 Judge..: MARILYN L HUFF
 Amount.:                $350.00 CK
 Check#.: BC#2108



    Total-> $350.00


 FROM: LEMIEUX V. HSBC CARD SVCS.
       CIVIL FILING
```